**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ECKARD,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>JEFF STRINGHAM; et al.,<br><br>     Defendants-Appellees. | No. 19-35467<br><br>D.C. No. 2:18-cv-00898-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 2, 2020[**]

Before: LEAVY, PAEZ, and BENNETT, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging First and Eighth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Eckard's Eighth Amendment claims because Eckard failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his mental health and safety. *See id.* at 1057, 1060 (holding deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health and safety).

The district court properly granted summary judgment on Eckard's First Amendment claim because Eckard failed to raise a genuine dispute of material fact as to whether he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires a prisoner to show that the defendants' conduct caused actual injury to a non-frivolous legal claim).

The district court did not abuse its discretion by denying Eckard's motions for appointment of counsel because Eckard failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirements for appointment of counsel).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

19-35467

Appellees' motion to strike exhibits attached to the opening brief is denied.

**AFFIRMED.**